1

2

3

4

5

6                         UNITED STATES DISTRICT COURT
                         WESTERN DISTRICT OF WASHINGTON
7                                 AT SEATTLE

8    RICHARD L. AHEARN, Regional Director of the
     Nineteenth Region of the National Labor Relations
9    Board, for and on behalf of the NATIONAL
     LABOR RELATIONS BOARD,                          CASE NO. C06-0911C
10
                         Petitioner,                 ORDER
11
              v.
12
     NORTHWEST CHEMICAL TRANSPORT, INC.,
13
                         Respondent.
14

15        This matter comes before the Court on Petitioner's motion for a temporary restraining order

16   ("TRO") under section 10(j) of the National Labor Relations Act, 29 U.S.C. § 160(j) and Federal Rule of

17   Civil Procedure 65(b). (Dkt. No. 3.) Having carefully considered the memoranda, affidavits, and exhibits

18   submitted by the parties, as well as the arguments of counsel at a hearing, the Court finds cause to believe

19   that Respondent has present income and assets and will dissipate or disperse those assets as well as any

20   future income and assets it receives unless enjoined and restrained.

21                                             I

22        The Court therefore ORDERS that Respondent, its officers, agents, servants, employees, and

23   attorneys, and all persons in active concert or participation with them be ENJOINED AND

24   RESTRAINED from:

25        1.       concealing, altering, or destroying any financial records or documents; AND

26   ORDER – 1

2.   in any manner or by any means selling, transferring, alienating, pledging, encumbering, assigning, dissipating, distributing to owners, officers, shareholders or beneficiaries or otherwise disposing of any of Respondent's assets, including, but not limited to, any real property, buildings and fixtures, leasehold interests, vehicles, equipment used to carry out the Respondent's business, inventory, parts and other supplies, accounts receivable, customer lists, and all monies, certificates of deposit, stocks, bonds or other financial instruments on hand or deposited in Respondent's personal or corporate accounts or brokerage accounts, except as Respondent may be required to do so to pay current bona fide living expenses, such as housing, food, clothing and medical expenses, transportation, legal fees and expenses, taxes, or current bona fide business operating expenses, such as reasonable salaries and benefits of managers and employees, supplies, inventory and parts, equipment maintenance, rent, utilities, maintenance, insurance, legal fees and expenses, or to satisfy any bona fide secured liens of record, UNLESS AND UNTIL Respondent:

   a.   deposits an amount of money equal to their full alleged backpay liability of $52,763 in an interest-bearing escrow account to be maintained in the United States Treasury under the exclusive control of the Board; or

   b.   deposits $52,763 into the registry of the Court; or

   c.   posts a surety bond approved by the Court in an amount equal to $52,763 to cover their potential backpay liability in the pending administrative proceedings before the Board;

PROVIDED, HOWEVER, that Respondent may sell or transfer assets for a full, fair and present consideration actually paid to Respondent, provided that the receipts from such sale or transfer shall be held intact and not disbursed except to the extent that it is necessary to do so to pay current bona fide business operating expenses, such as reasonable salaries and benefits, supplies, inventory and parts, equipment maintenance,

ORDER – 2

1    rent, utilities, maintenance, insurance, legal fees and expenses, or to satisfy any bona fide

2    secured liens of record or judgments of record of persons or entities other than any officer,

3    director, or shareholder of Respondent, which were recorded prior to the filing of the

4    NLRB charges involved herein.

**II**

6        The Court further DIRECTS that under Local Rule CR 5(e)(1), the Clerk reassign this case to a

7    United States District Judge in Tacoma.  After the Clerk has assigned the case, the parties should contact

8    the assigned Judge's chambers regarding the noting date and a hearing on Petitioner's motion for a

9    temporary injunction.  (*See* Dkt. No. 9.)

10        SO ORDERED this 30th day of June, 2006.

UNITED STATES DISTRICT JUDGE

26    ORDER – 3